**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| WALGREEN CO., Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:26-cv-11242-BEM |
| COLLEGIUM PHARMACEUTICAL, INC., Defendant/Third-Party Plaintiff, | ) | |
| v. | ) | |
| INMAR RX SOLUTIONS, INC., Third-Party Defendant. | ) | |

**THIRD-PARTY DEFENDANT INMAR RX SOLUTIONS, INC.'S MOTION TO EXTEND TIME TO MAKE INITIAL DISCLOSURES**

Third-Party Defendant Inmar Rx Solutions, Inc. ("Inmar"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1)(D) and the Court's August 19, 2026 Scheduling Order, hereby moves for an extension of time in which to serve initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until after a final ruling on Inmar's forthcoming Motion to Dismiss Defendant/Third-Party Plaintiff Collegium Pharmaceutical, Inc.'s ("Collegium") Third-Party Complaint.

In support of this Motion, Inmar states as follows:

1. Inmar's registered agent was served with the Third-Party Complaint on September 22, 2026.
2. The Court has granted Inmar an extension until November 12, 2026, in which to answer, move, or otherwise respond to the Third-Party Complaint.

3. Inmar intends to file a Motion to Dismiss the Third-Party Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on or before the November 12, 2026 deadline.
4. Under Rule 26(a)(1)(D), the original deadline for Inmar's initial disclosures is October 22, 2026.
5. Inmar seeks an extension of the initial disclosure deadline until 14 days after a final ruling on Inmar's forthcoming Motion to Dismiss.
6. Inmar has not previously requested an extension of time to make initial disclosures.
7. Inmar remains subject to nonparty subpoenas duces tecum previously served by Walgreen Co. ("Walgreens") and Collegium without waiving, and expressly reserving, all rights and defenses including its forthcoming challenge to personal jurisdiction.
8. The resolution of Inmar's forthcoming Motion to Dismiss may render any initial disclosures superfluous.
9. The undersigned states that this motion is made in good faith and not for purpose of delay.
10. Counsel for Inmar has conferred with counsel for Collegium, who has indicated that Collegium opposes the requested extension.
11. Counsel for Inmar has conferred with counsel for Walgreens, who indicated that Walgreens does not object to the requested extension.

WHEREFORE, Third-Party Defendant Inmar Rx Solutions, Inc. respectfully requests that it be given until and including 14 days following a final ruling on the forthcoming Motion to Dismiss the Third-Party Complaint to make its initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

This 22nd day of October 2026.

*/s/ Alexandra Arnold*
Alexandra Arnold (BBO #706208)
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, Massachusetts 02111
Tel: (617) 481-0160
aarnold@clohertysteinberg.com

*Attorney for Third-Party Defendant Inmar Rx Solutions, Inc.*

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I hereby certify that counsel for Inmar conferred with counsel for Walgreens and Collegium in an attempt to narrow or resolve the issues raised in this motion. Walgreens does not object to the requested extension; Collegium opposes it.

*/s/ Alexandra Arnold*
Alexandra Arnold

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Alexandra Arnold*
Alexandra Arnold