**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WALGREEN CO.<br><br>Plaintiff,<br><br>v.<br><br>COLLEGIUM PHARMACEUTICAL, INC.<br><br>Defendant. | Civil Action No.: 1:26-cv-11242-BEM |

**MOTION OF WALGREEN CO. AND COLLEGIUM PHARMACEUTICAL, INC., TO AMEND THE SCHEDULING ORDER**

Plaintiff Walgreen Co. ("Walgreens") and defendant and third-party plaintiff Collegium Pharmaceutical, Inc. ("Collegium") (collectively, the "Moving Parties"), through their undersigned counsel, hereby jointly move the Court to amend the Scheduling Order (ECF No. 32), including to allow time to substantially complete party and third-party discovery and for the parties to seek to engage in private mediation. In support of this Motion, the Moving Parties state as follows:

1. Walgreens filed the Complaint in the above-captioned action on March 12, 2026. (ECF No. 1).

2. On May 1, 2026, Collegium filed a Motion to Dismiss. (ECF No. 24).

3. Walgreens filed its opposition to the Motion to Dismiss on June 17, 2026 (ECF No. 27), and Collegium filed a Reply on July 3, 2026. (ECF No. 28).

4. On August 19, 2026, the Court entered a Memorandum and Order on Collegium's Motion to Dismiss (ECF No. 31), dismissing Walgreens' Breach of Contract (Count I) and Breach

of Implied Covenant of Good Faith and Fair Dealing (Count II) claims, and permitting Walgreens' Mass. Gen. Laws ch. 93A and unjust enrichment claims to move forward.

5. Also on August 19, 2026, the Court entered a Scheduling Order with the original deadlines outlined below. (ECF No. 32).

6. Walgreens had served third party subpoenas on Inmar Rx Solutions, Inc. ("Inmar"), Integrated Commercialization Services, LLC ("ICS"), Cencora, Inc. ("Cencora"), and Deloitte & Touche LLP on or about July 30, 2026, but those were stayed until August 19, 2026.

7. On September 2, 2026, Collegium filed an answer to the Complaint. (ECF No. 35).

8. On September 14, 2026, Collegium served notice of a subpoena on Inmar, and Collegium effected service of such subpoena on September 16, 2026.

9. On September 16, 2026, Collegium filed a Third Party Complaint against Inmar. (ECF No. 38).

10. On October 9, 2026, Inmar filed an Unopposed Motion to Extend Time to respond to the Third-Party Complaint (ECF No. 46), which was granted by the Court on October 13, 2026 (ECF No. 48).

11. On October 22, 2026, Collegium served subpoenas on ICS and Cencora.

12. Also on October 22, 2026, Inmar filed a Motion to Extend Time to Make Initial Disclosures, in which Inmar stated that it intends to file a Motion to Dismiss on or before November 12, 2026, and asked the court to extend Inmar's deadline to serve initial disclosures until after a final ruling on Inmar's forthcoming Motion to Dismiss. (ECF No. 50). The Court granted Inmar's Motion on October 23, 2026. (ECF No. 51).

13. The Moving Parties have determined to pursue private mediation and are negotiating Inmar's participation in any such mediation, intending for it to occur in January 2027 after documents are exchanged and have been reviewed.

14. As of the filing of this Motion, the Moving Parties have exchanged and made written responses to first sets of requests for production of documents and interrogatories and continue to negotiate the scope of the Moving Parties' document productions. Walgreens and Collegium negotiated and agreed upon an ESI protocol to facilitate production. Walgreens intends to make a preliminary production of documents on November 3, 2026. Walgreens and Collegium hope to resolve their differences concerning written discovery but anticipate the possibility of motion practice if they are unable to do so. Only Deloitte & Touche has produced any documents in response to third-party subpoenas. Walgreens has been attempting to negotiate accommodations with Cencora, ICS and Inmar, and Collegium has negotiated with Inmar and anticipates negotiating with Cencora and ICS in an attempt to obtain documents from these parties. However, it is possible that discovery motion practice will be necessary to resolve differences concerning these subpoenas, too. Inmar has taken the position that it will not respond to party discovery until after the Court decides its forthcoming motion to dismiss, but it is negotiating the production of documents in response to subpoenas served by each of the Moving Parties.

15. The Moving Parties also anticipate serving additional written discovery requests after reviewing initial document productions, and depositions are yet to be taken.

16. To allow the parties the time to effectuate exchange and review of documents in response to written discovery, which in turn will provide the information required for a meaningful potential mediation, Counsel for the Moving Parties hereby ask the Court to amend the Scheduling

Order according to the below Proposed Deadlines. This amendment will also provide time for the Court to resolve any motion by Inmar concerning its participation as a third-party defendant.

| **Event** | **Original Deadline** | **Proposed Deadline** |
|---|---|---|
| Serve Written Discovery | Nov. 2, 2026 | Feb. 1, 2026 |
| Serve Requests for Admission | Dec. 16, 2026 | Mar. 16, 2026 |
| Fact Witness Depositions | Jan. 20, 2027 | Apr. 20, 2027 |
| Fact Discovery Deadline | Jan. 20, 2027 | Apr. 20, 2027 |
| Parties File Joint Status Report | Jan. 26, 2027 | Apr. 26, 2027 |
| Status Conference | Feb. 1, 2027 | May 3, 2027 (or at the court's convenience) |
| Affirmative Expert Reports[1] | Feb. 26, 2027 | May 28, 2027 |
| Responsive Expert Reports | Mar. 26, 2027 | June 28, 2027 |
| Expert Depositions | Apr. 23, 2027 | July 26, 2027 |
| Summary Judgment Motions | May 21, 2027 | Aug. 24, 2027 |
| Oppositions to Summary Judgment | 3 weeks after motion served | 3 weeks after motion served |

17. The Moving Parties agree on the relief requested in this motion. The Moving Parties contacted counsel for Inmar to confirm if it would join or otherwise not oppose this Motion but have not received a response.

18. The Moving Parties agree that allowing time for mediation and avoiding what may be unnecessary expenditures of resources while doing so, satisfies the good cause requirement of Local Rule 16.1(g) and assert that no party will be prejudiced by the granting of the relief sought herein.

WHEREFORE, for the reasons stated herein, the Moving Parties respectfully request that the Court enter an Order amending the Scheduling Order according to the aforementioned dates.

[1] The Scheduling Order identifies Affirmative Expert Reports as Plaintiff's Expert Reports; the description here as "Affirmative" and "Responsive" Expert Reports is intended to account for the addition of Inmar as a Third-Party Defendant.

Dated: November 2, 2026

Respectfully submitted,

**WALGREENS CO.**

By its attorneys,

*//s// Robert M. Andalman*

Robert M. Andalman (*pro hac vice*)
Rachael Blackburn (*pro hac vice*)
**ARONBERG GOLDGEHN DAVIS & GARMISA**
225 West Washington Street, Suite 2800
Chicago, IL 60606
P: (312) 755-3161
F: (312) 828-9635)
randalman@agdglaw.com
rblackburn@agdglaw.com

Matthew L. Knowles (BBO 678935)
Audrey E. McQuade (BBO 707501)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116
P: (617) 535-3885
F: (617) 535-3800
mknowles@mcdermottlaw.com
amcquade@mcdermottlaw.com

**COLLEGIUM PHARMACEUTICAL, INC.**

By its attorneys,

*//s// Robin P. Sumner*

Robin P. Sumner (*pro hac vice*)
Linnea Kelly (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel. (215) 981-4652
robin.sumner@troutman.com
linnea.kelly@troutman.com

Maria A. Lombardi (BBO#: 713352)
**TROUTMAN PEPPER LOCKE LLP**
111 Huntington Avenue, 9th Floor
Boston, MA 02199
Tel. (617) 204-5186
maria.lombardi@troutman.com

Kyle A. Dolinsky (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Tel. (215) 981-4907
kyle.dolinsky@troutman.com

## LOCAL RULE 7.1(a)(2) CERTIFICATION

We, Robin P. Sumner and Robert M. Andalman, hereby certify that on November 2, 2026, counsel for Collegium Pharmaceutical, Inc. contacted counsel for Walgreen Co. ("Walgreens"), and on October 30 and November 2, 2026, Counsel for Walgreens contacted counsel for Inmar Rx Solutions, Inc. ("Inmar"), regarding the relief sought in this motion. Counsel for Walgreens assents to the relief sought in this motion. Counsel for Inmar did not respond to Walgreens' inquiries concerning Inmar's assent..

*//s// Robin P. Sumner*
Robin P. Sumner

*//s// Robert M. Andalman*
Robert M. Andalman

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system.

*//s// Robin P. Sumner*
Robin P. Sumner