# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WALGREEN CO.,<br><br>Plaintiff,<br><br>v.<br><br>COLLEGIUM PHARMACEUTICAL, INC.,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>INMAR RX SOLUTIONS, INC.,<br><br>Third-Party Defendant. | Civil Action No. 1:26-cv-11242-BEM |

**DECLARATION OF RANDY PARHAM IN SUPPORT OF INMAR RX SOLUTIONS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Randy Parham, declare as follows:

1. I am over the age of eighteen (18) and am competent to testify regarding the matters stated herein.

2. I make this Declaration in support of Inmar Rx Solutions, Inc.'s ("Inmar Rx") Motion to Dismiss the Third-Party Complaint (the "Third-Party Complaint") filed by Collegium Pharmaceutical, Inc. ("Collegium").

3. I am employed by Inmar Rx as Sr. Manager, Warehouse Operations at its Grand Prairie, Texas location. Inmar Rx is a technology-enabled healthcare services and pharmaceutical reverse logistics company that processes expired, unused, recalled, and otherwise unsaleable pharmaceutical products for its customers and helps manage their compliant disposal.

4. Inmar Rx is not registered to conduct business in Massachusetts.

5. Inmar Rx does not maintain any inventory, equipment, or other tangible property in Massachusetts.

6. Inmar Rx does not maintain, lease, own, or occupy any property or offices in Massachusetts.

7. Inmar Rx employs only six individuals (out of a total US workforce of approximately 1,295) who work in Massachusetts, and all six work remotely (not in any Inmar Rx owned facility). Three of these individuals work in sales, two are on the engineering team, and one is in customer success. These six individuals had no involvement in the conduct or actions giving rise to this litigation or the allegations in the Third-Party Complaint.

8. Inmar Rx has hospital system customers located in, or who maintain an address in, Massachusetts. These entities had no involvement in the conduct or actions giving rise to this litigation or the allegations in the Third-Party Complaint.

9. Since February 2019, Inmar Rx receives and ships all returned goods to and from its facility in Grand Prairie, Texas.

10. When Inmar Rx ships returned goods manufactured by Collegium, the goods are shipped directly to Collegium's returns processor, Integrated Commercialization Solutions, LLC ("ICS"), located in Brooks, Kentucky.

11. All relevant debit invoices, debit memos and credit notifications at issue in the Third-Party Complaint were issued from Inmar Rx's facility in Grand Prairie, Texas.

12. The employees, officers, and agents of Inmar Rx who have knowledge of the facts alleged in the Third-Party Complaint are located outside of Massachusetts.

13. No Inmar Rx employee ever traveled to Massachusetts to meet with Collegium, ICS, or Walgreens in connection with the events or issues alleged in the Third-Party Complaint.

14. Inmar Rx's day-to-day communications regarding the issues and events alleged in the Third-Party Complaint, such as return authorizations and shipment of product, were with ICS.

15. Conducting discovery regarding the allegations in the Third-Party Complaint and in response to the pending document requests from Collegium would be burdensome and costly, including review of thousands of emails between the parties, and locating pallets of physical documents stored in Inmar Rx's warehouse.

16. On July 17, 2020, Inmar Rx entered into a Services Agreement with Walgreen National Corporation (the "Services Agreement").

17. Section 11.12 of the Services Agreement, titled "No Third-Party Beneficiaries," states as follows:

> Except with regard to an Affiliate of Walgreen, this Agreement is for the sole benefit of the Parties hereto and their respective successors and permitted assigns (except as otherwise expressly provided herein) and nothing herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

A true and correct copy of excerpts of the Services Agreement is attached as Exhibit 1 to this Declaration.

18. On January 19, 2022, Inmar Rx and Collegium entered into a Mutual Nondisclosure and Confidentiality Agreement (the "MNDA"). There are no other agreements between Inmar Rx and Collegium related to the conduct or actions giving rise to this litigation or the allegations in the Third-Party Complaint.

19. The MNDA was executed "[i]n connection with the inventory observation and/or audit to be conducted by [Collegium] of Inmar's pharmaceutical returns facility in Grand Prairie, Texas[.]"

20. Section 6.5 of the MNDA states, "This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina. The parties hereto submit to the exclusive jurisdiction of the courts located within the State of North Carolina."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of November, 2026, in Grand Prairie, Texas.

Signed by:
Randy Parham
81ABFAF8332343E...

Randy Parham
Sr. Manager, Warehouse Operations
Inmar Rx Solutions, Inc.
Grand Prairie, Texas