**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| WALGREEN CO., Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:26-cv-11242-BEM |
| COLLEGIUM PHARMACEUTICAL, INC., Defendant/Third-Party Plaintiff, | ) | |
| v. | ) | |
| INMAR RX SOLUTIONS, INC., Third-Party Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF THIRD-PARTY DEFENDANT INMAR RX SOLUTIONS, INC.'S MOTION TO STAY PARTY DISCOVERY AS TO INMAR RX**

Third-Party Defendant Inmar RX Solutions, Inc. ("Inmar Rx"), through undersigned counsel, respectfully submits this Memorandum in support of its Motion to Stay Party Discovery as to Inmar Rx, pursuant to the Court's inherent authority and United States District Court for the District of Massachusetts Local Rule 7.1.[1]

## I. INTRODUCTION

Inmar Rx moves for a short and finite stay of party discovery as to Inmar Rx pending a final resolution of its Motion to Dismiss filed contemporaneously herewith. Inmar Rx's pending Motion to Dismiss provides good cause for a stay of discovery, the proposed stay is limited in

[1] By moving to stay discovery, Inmar Rx in no way waives its personal jurisdiction defense or any other defenses or rights. *See Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) ("Defendants' motion for a stay 'does not come close to what is required for waiver or forfeiture' of a personal jurisdiction defense." (quoting *Mobile Anesthesiologists Chi, LLC v. Anesthesia Assocs. Of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009).

duration, and the equities favor a final resolution of Inmar Rx's Motion to Dismiss before Inmar Rx is subjected to party discovery.

## II. ARGUMENT

Federal district courts have "broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, No. 15-CV-30152, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016). The party requesting the stay must demonstrate that there is good cause, that the duration of the stay will be reasonable, and that balance of the equities favors a stay. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). In weighing those factors, courts use a similar framework to that used to assess motions for protective orders under Federal Rule of Civil Procedure 26(c). *Dicenzo*, 2016 WL 158505, at *1; *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 17-CV-30037, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018). Here, the relevant factors weigh in favor of a stay of discovery.

First, there is good cause for a stay because of Inmar Rx's "pending dispositive motion[.]" *Hillside Plastics*, 2018 WL 3727365, at *2. Inmar Rx's Motion to Dismiss raises a jurisdictional argument under Rule 12(b)(2) that goes directly to this Court's authority over Inmar Rx as a third-party defendant. *See Savis, Inc. v. Warner Lambert, Inc.*, 967 F. Supp. 632, 641 (D.P.R. 1997) ("The Court's power to order discovery is circumscribed by its jurisdiction."). The Motion to Dismiss also challenges Collegium's claims under Rule 12(b)(6). A finding that the Court lacks personal jurisdiction over Inmar Rx, or that Collegium's claims against Inmar Rx should be dismissed under Rule 12(b)(6), would obviate the need for *party* discovery from Inmar Rx.

Second, the requested stay would be reasonable in duration. Inmar Rx requests a stay only until a final ruling on its pending Motion to Dismiss. Courts in this district have regularly found that such finite and relatively brief stays are reasonable. *See, e.g.*, *OV Loop, Inc. v. Mastercard*

*Inc.*, No. 24-CV-10412, 2024 WL 3834927, at *4 (D. Mass. Aug. 14, 2024) (finding "that [defendant]'s requested stay is reasonable in duration, as the court anticipates leaving the stay in place only until the pending Motion to Dismiss is resolved." (emphasis and citation omitted)); *Hillside Plastics*, 2018 WL 3727365, at *2; *Dicenzo*, 2016 WL 158505, at *2. Furthermore, on November 4, 2026, Collegium and Walgreens jointly sought and received an extension of various discovery deadlines, in part, to "provide time for the Court to resolve any motion by Inmar Rx concerning its participation as a third-party defendant." ECF No. 52, ¶ 16.

Finally, the balance of the equities favors a stay. Absent a stay, Inmar Rx will be required to expend considerable time and resources participating in discovery. *See Hillside Plastics*, 2018 WL 3727365, at *2. For their part, Collegium and Walgreens will also incur no prejudice from a brief stay of discovery. Without waiving any defenses such as its jurisdictional challenge, Inmar Rx will begin its rolling production on or before November 30, 2026 in response to the third-party subpoenas it received from Collegium and Walgreens, and any delay from a brief stay of party discovery as to Inmar Rx will not prejudice Collegium or Walgreens. *See Emseal Joint Sys., Ltd. v. Schul Int'l Co.*, No. 14-CV-358, 2015 WL 1457630, at *3 (D.N.H. Mar. 27, 2015) (explaining that delay alone does not establish prejudice in the context of a stay).

## III. CONCLUSION

For the foregoing reasons, Third-Party Defendant Inmar Rx respectfully requests that the Court grant its Motion to Stay Party Discovery as to Inmar Rx until a final resolution of Inmar Rx's pending Motion to Dismiss.

This the 12th day of November, 2026.

By: *<u>/s/ Alexandra Arnold</u>*
Alexandra Arnold (BBO #706208)
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120

Boston, Massachusetts 02111
Tel: (617) 481-0160
aarnold@clohertysteinberg.com

Jason M. Wenker (*pro hac vice forthcoming*)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300
Fax: (336) 734-2652
jwenker@ktslaw.com

*Counsel for Inmar Rx Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Alexandra Arnold*
Alexandra Arnold

*Counsel for Inmar Rx. Solutions, Inc.*